UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 07-60794-Civ-Dimitrouleas/Rosenbaum

RAQUEL MORA,

    Plaintiff,

v.

FEIN AND MELONI,
STEVEN A. FEIN, P. A.,
STEVEN A. FEIN, and
EDOARDO MELONI, P. A.

    Defendants.
_____/

## FIRST AMENDED COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.

## PARTIES

3.    Plaintiff, RAQUEL MORA, is a natural person who resides in Broward County, Florida.

2

4. Defendant, FEIN AND MELONI, ("FEIN AND MELONI") is a general partnership organized under Florida law, with its principal place of business at 900 South State Road 7, Plantation, Florida 33317.

5. Defendant, STEVEN A. FEIN, P. A., ("FEIN, P. A.") is professional association organized under Florida law and a general partner of FEIN AND MELONI, with its principal place of business at 900 SW 40 Avenue, Plantation, Florida 33317.

6. Defendant, EDOARDO MELONI, P. A., ("MELONI") is professional association organized under Florida law and a general partner of FEIN AND MELONI, with its principal place of business at 900 SW 40 Avenue, Plantation, Florida 33317.

7. Defendant, STEVEN A. FEIN, ("STEVEN A. FEIN") is a natural person and a member of the Florida Bar with his principal place of business at 900 South State Road 7, Plantation, Florida 33317.

8. At all times material to the allegations herein, STEVEN A. FEIN had knowledge of and authorized the conduct of the employees and others acting on behalf of FEIN AND MELONI, complained of herein.

9. STEVEN A. FEIN is intimately involved with the improper conduct alleged herein and directed the policies, practices and operations of FEIN AND MELONI.

10. Pursuant the applicable rules of the Florida Bar, STEVEN A. FEIN is required to supervise the actions of the employees and others acting on behalf of himself and on his behalf through FEIN AND MELONI.

11. STEVEN A. FEIN is responsible for the actions of FEIN AND MELONI complained of herein.

12. Defendant FEIN, P. A. and Defendant MELONI, control the actions of FEIN AND MELONI, are general partners of FEIN AND MELONI, and directed and controlled the actions complained of herein and therefore are liable for the actions of FEIN AND MELONI.

13. All Defendants are financial beneficiaries of the actions complained of herein.

14. Defendants regularly use the mails and telephone in a business the principal purpose of which is the collection of debts.

15. Defendants regularly collect or attempt to collect debts for other parties. They are "debt collectors" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

16. On or about March 29, 2007, Defendants sent Plaintiff a letter ("Defendants letter") attempting to collect a debt arising from a condominium association fee with respect to Plaintiff's residence. Plaintiff received Defendants

letter shortly thereafter. A true copy of Defendants letter is attached as Exhibit "A".

17. Defendants letter was the first written communication Plaintiff received from Defendants regarding the alleged debt stated therein.

18. Based upon information and belief, Defendants letter was the first written communication Defendants sent Plaintiff regarding the alleged debt stated therein.

19. Defendants letter states in relevant part that payment "…must be forwarded to this office within 30 days of the date of this letter in order to stop the imposition of additional fees and costs" and "All valid debts must be paid within the thirty days as stated in the demand letter, as well as the current amount due, or a lien will be filed against your property."

20. Defendants demand for payment within 30 days of the date of its letter overshadows and is inconsistent with the Plaintiff's right to dispute the validity of the debt within 30 days of her receipt of Defendants letter as provided by 15 U.S.C §1692g(b).

21. The signature of Defendant STEVEN A. FEIN appears on Defendants letter.

22. The signature is machine produced and is not STEVEN A. FEIN'S own handwritten signature.

23. Defendants offices are located in Broward County Florida.

24. Defendants letter was sent in an envelope bearing a return address of "Law Office of Fein and Meloni, P.O. Box 155, Citra, Florida 32113-0155"

25. Upon information and belief, STEVEN A. FEIN, did not personally review the Plaintiff's file, made no determination of the validity of the alleged debt, and did not exercise any independent professional judgment with respect to the alleged debt prior to the mailing of Defendants letter.

26. The Defendants letter creates the false impression that it was issued by an attorney exercising independent professional judgment when it was not.

27. Defendant, STEVEN A. FEIN, authorized or permitted the issuance of Defendants letter.

28. Defendants letter states in relevant part "PLEASE DO NOT CALL OUR OFFICE, A PHONE CALL WILL NOT PROTECT YOUR RIGHTS! **If you wish to dispute your debt, you must do so in writing.** Please provide this office with proof of payment of any payment not reflected on the attached statement." (Emphasis in original).

29. Plaintiff is permitted under 15 U.S.C §1692g(a)(3) to dispute the validity of the debt by telephonic notice.

30. As provided for by 15 U.S.C §1692g(a)(3), Plaintiff is not required to dispute the validity of the debt in writing.

31.     Defendants requirement that Plaintiff provide proof of payment impermissibly attempts to shift the burden of verification of the validity of the debt from Defendants to Plaintiff.

32.     Defendants letter states in relevant part:

> Thereafter, the Association may direct this office to commence foreclosure litigation in the county court. In that event, you <u>will</u> be responsible for substantial additional legal fees and costs incurred by the association in such a lien foreclosure action or in an action brought by the association to recover a money judgment for the unpaid assessments, and you could lose your unit to the highest bidder through a foreclosure sale under a Court Order. (Emphasis added)

33.     Defendants letter falsely implies that Plaintiff "will" become responsible for additional substantial attorney fees as if liability is a foregone conclusion. Only reasonable attorney fees can be awarded and only upon determination by a court that Defendants client is the prevailing party.

34.     Defendants knew its statement that Plaintiff "will" be responsible for substantial additional attorney fees was false.

35.     Defendants letter requested attorney fees of a flat rate of $150.00 in the event Plaintiff wishes to pay the debt via a payment plan of three monthly payments.

36.     The agreement giving rise to Plaintiff's liability for attorney fees does not provide for flat rate attorney fees. It provides for reasonable attorney fees only and Defendants knew it.

37.     A flat fee of $150.00 in attorney fees for the luxury of a three month payment plan is not reasonable and is not provided for by the underlying agreement of Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C §1692g(b)

38.     Plaintiff incorporates Paragraphs 1 through 37.

39.     Defendants demand for payment within 30 days of the date of its letter overshadows and is inconsistent with the Plaintiff's right to dispute the validity of the debt within 30 days of her <u>receipt</u> of Defendants letter in violation of 15 U.S.C §1692g(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT II
## FALSE IMPLICATION OF ATTORNEY INVOLVEMENT

40.     Plaintiff incorporates Paragraphs 1 through 37.

41.     The Defendants letter creates the false impression that it was issued by an attorney exercising independent professional judgment when it was not in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF 15 U.S.C §1692g(a)(3)

42.    Plaintiff incorporates Paragraphs 1 through 37.

43.    The Defendants letter falsely states that Plaintiff must dispute the validity of the debt in writing and not by telephonic notice in violation of 15 U.S.C §1692g(a)(3).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF 15 U.S.C §1692g

44.    Plaintiff incorporates Paragraphs 1 through 37.

45.    Defendants demand that Plaintiff provide proof of payment in order to dispute the validity of the alleged debt impermissibly attempts to shift the burden

of verification of the validity of the debt from Defendants to Plaintiff in violation of 15 U.S.C §1692g.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF 15 U.S.C §1692e

46.    Plaintiff incorporates Paragraphs 1 through 37.

47.    Defendants letter falsely implies that Plaintiff "will" become responsible for additional substantial attorney fees as if liability is a foregone conclusion when only reasonable attorney fees can be awarded and only upon determination by a court that Defendants client is the prevailing party in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VI

## VIOLATION OF 15 U.S.C §1692e(2)(A)

48. Plaintiff incorporates Paragraphs 1 through 37.

49. Defendant requested attorney fees not provided for by the Plaintiff's agreement with the original creditor in violation of 15 U.S.C §1692e(2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VII
## FLORIDA CONSUMER COLLECTION PRACTICES ACT REGARDING FLAT FEE AND UNAUTHORIZED ATTORNEY'S FEES

50. Plaintiff incorporates Paragraphs 1 through 37.

51. Defendant violated the Florida Consumer Collection Practices Act by claiming a right to attorney fees of $150.00 when Defendant knew the amount was not authorized by Plaintiff's agreement with the original creditor in violation of Fla. Stat. §559.72 (9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT VIII
## FLORIDA CONSUMER COLLECTION PRACTICES ACT REGARDING SUBSTANTIAL ADDITIONAL ATTORNEY FEES WITH RESPECT TO FORECLOSURE

52.    Plaintiff incorporates Paragraphs 1 through 37.

53.    Defendant violated the Florida Consumer Collection Practices Act by claiming a right to substantial additional attorney fees with respect to foreclosure when Defendant knew the amount was not authorized by Plaintiff's agreement with the original creditor and that substantial additional attorney fees could only be imposed if Defendants client was a prevailing party in any foreclosure action in violation of Fla. Stat. §559.72 (9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT IX
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

54.    Plaintiff incorporates Paragraphs 1 through 37.

55. Pursuant to 28 U.S.C §§2201 and 2202 and Fla. Stat. §559.77(2), Plaintiff seeks a declaration that Defendants practices are in violation of the FDCPA and FCCPA.

56. Plaintiff seeks a permanent injunction prohibiting Defendant from engaging in the violative practices in communicating with consumers.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. declaring that Defendants practices violate the FDCPA and the FCCPA;

    b. permanently injoining Defendants from engaging in the violative practices;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> s/Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658
>
>
> JOEL D. LUCOFF, ESQ.

        Attorney for Plaintiff
12925 Southwest 30 Street
Miramar, FL  33027-5307
Telephone: 954-885-7624
Facsimile: 954-885-7625
Email: jdlucoff@adelphia.net

Joel D. Lucoff, Esq.
Florida Bar No. 192163